IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:10-cr-60121-AA |
| | Case No. 6:20-cv-01438-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| PAUL ANTHONY SALAZAR, | |
| Defendant. | |

AIKEN, District Judge:

In 2011, Defendant Paul Anthony Salazar pleaded guilty to and was convicted of one count of Failure to Register as a Sex Offender as required by the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 *et seq.*, in violation of 18 U.S.C. § 2250(a). Currently, there are allegations that Salazar has violated the terms of his supervised release. On June 23, 2020, Salazar filed a motion to terminate his supervised release, dismiss the present supervised release violation, and vacate

Page 1 – OPINION AND ORDER

his underlying conviction. ECF No. 117. On August 24, 2020, Salazar refiled his motion as one pursuant to 28 U.S.C. § 2255.[1] ECF No. 129. The Court heard oral argument on the motion on October 14, 2020 and took the matter under advisement. ECF No. 137. Although the Court indicated at subsequent hearings that it was inclined to deny the motion, a close review of the history of the case and the relevant precedents compels a different result. And so, for the reasons set forth below, the motion is GRANTED.

## BACKGROUND

In February 1989, Salazar was convicted by a jury in the State of Florida of two counts of handling and fondling a child under the age of sixteen, in violation of Florida Statutes § 800.04(1). Def. Mot. Ex. A, at 1-2. Specifically, Salazar grabbed and touched a twelve-year-old victim several times in her vaginal area and rubbed her breast, causing her to scream. Presentence Report ("PSR") ¶ 27.

Salazar was sentenced on February 8, 1989 to three-and-a-half years in state custody along with one year of probation. Def. Mot. Ex. A, at 3. Salazar was released on April 6, 1990. PSR ¶ 27. Salazar moved to Alabama, where he was convicted of theft in 2001 and for failure to abide by state sex offender registration requirements in 2006. *Id.* at ¶ 28-29. In 2007, Salazar was convicted in Tennessee for failure to abide by state sex offender registration requirements. *Id.* at ¶ 30.

---

[1] Following the filing the initial motion in the case, the Ninth Circuit held that an underlying conviction could not be challenged in the context of a supervised release violation proceeding. *United States v. Cate*, 971 F.3d 1054 (9th Cir. 2020).

In 2008, Salazar was convicted of transporting illegal aliens into the country in the Southern District of California and was sentenced to fifteen months imprisonment with a three-year term of supervised release. PSR ¶ 31. After being released from custody Salazar absconded from supervision and was arrested in Oregon on August 13, 2009. *Id.* On December 7, 2010, Salazar's case in the Southern District of California was transferred to this Court. *Id.*

After absconding again in 2010, Salazar was apprehended in Eugene, Oregon on September 24, 2010. PSR ¶ 12. It was discovered that he had been living at the Eugene Mission under an assumed name. *Id.* Officers also found graphic written materials and electronic storage devices containing images of naked children in his possession. *Id.* at ¶ 13. On October 21, 2010, Salazar was indicted for a single count of Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a), based on his 1989 Florida conviction. ECF No. 8.

On July 12, 2011, Salazar pleaded guilty to this charge as part of a negotiated resolution with the Government. ECF No. 26. Pursuant to that agreement, Salazar admitted that he traveled in interstate commerce and knowingly failed to register as a sex offender. He also agreed that he was a Tier III offender and required to register for life. ECF Nos. 27, 28. On September 23, 2011, this Court sentenced Salazar to twenty-four months in custody with a five-year term of supervised release. ECF No. 31.

Salazar's term of supervision commenced on June 21, 2012. ECF No. 34. Since that time, Salazar has been found in violation of the terms of his supervision on three

Page 3 – OPINION AND ORDER

occasions, and he has absconded multiple times. ECF Nos. 44, 63, 85. Salazar most recently self-surrendered after absconding to Mexico.

## DISCUSSION

Salazar primarily argues that his 1989 Florida conviction is not a sex offense under SORNA. Alternatively, he argues that even if the conviction was a qualifying sex offense, he was not required register under SORNA on September 12, 2010. As a preliminary matter, however, the Court must ascertain the proper procedural vehicle for Salazar's motion.

### I.    Salazar's Motion is Properly Considered under 28 U.S.C. § 2241

Salazar presents his motion as one brought under 28 U.S.C. § 2255. The Government argues that Salazar's § 2255 motion is untimely and so cannot be considered under that statute.

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack….

28 U.S.C. § 2255(a). However, motions brought under this subsection must be filed no later than one year from the date on which the judgment of conviction becomes final, 28 U.S.C. § 2255(f)(1), or the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3).

Page 4 – OPINION AND ORDER

More than one year has passed since Salazar's conviction in this case became final, and he cites no qualifying intervening precedent from the Supreme Court within the last year. Accordingly, the Court concludes that, to the extent Salazar brings this motion pursuant to § 2255, the motion is time-barred.

However, § 2255 is not a defendant's only available avenue for relief. Although a federal defendant seeking to challenge his sentence generally must file a motion under 28 U.S.C. § 2255, there is an exception to that general rule under the "escape hatch" of § 2255(e), which allows the petitioner to file a petition under 28 U.S.C. § 2241 "if, and only if, the remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (internal quotation marks and citation omitted). A defendant may file a § 2241 petition under the escape hatch "when the prisoner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* (internal quotation marks and citation omitted). In the Ninth Circuit, "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* at 1193 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted) (alteration in original))

In this case, Salazar argues that he was innocent of failing to register because (1) his underlying conviction was not a qualifying offense under SORNA; and (2) even if it were, he was no longer required to register as a sex offender under SORNA in 2010. The parties contend, and the Court agrees, that 28 U.S.C. § 2241 provides an appropriate procedural vehicle for consideration of Salazar's motion.

## II. SORNA

SORNA was enacted to create a "comprehensive national system for the registration of sex offenders and offenders against children." *United States v. Elkins*, 683 F.3d 1039, 1040 (9th Cir. 2012) (internal quotation marks and citation omitted); 34 U.S.C. § 20901. To that end, sex offenders must register as such in their relevant jurisdictions and update their registration if changes to their names, residence, employment, or student status occur. 34 U.S.C. §§ 20913(a), (c). SORNA defines the term "sex offender" as "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). SORNA separates the level of sex offenders into tiers, with a Tier I being the least severe and Tier III being the most severe. 34 U.S.C. §§ 20911(1)-(3). The tier level determines how long an offender is required to register under federal law. 34 U.S.C. § 20915(a). And 18 U.S.C. § 2250 imposes criminal penalties on persons who are required to register under SORNA, but knowingly fail to do so.

Salazar contends that his Florida conviction does not qualify as a sex offense requiring registration under SORNA and that, even if it did qualify, it would be a Tier I offense and Salazar's obligation to register as a sex offender would have expired by the time of his offense conduct. In evaluating Salazar's claims, the Court must therefore engage in a two-step inquiry. First, the Court must determine whether the offense of conviction is one that requires registration under the Act. *See* 34 U.S.C. §§ 20911(1), (5), (7). And if the offense requires registration, the Court must consider how long Salazar's registration requirement lasted. 34 U.S.C. § 20915(a).

### A. Offense of Conviction

On February 8, 1989, Salazar was convicted of Handling and Fondling a Child Under the Age of Sixteen Years in violation of Florida Statutes § 800.04(1). Def. Mot. Ex. A, at 1-2. The version of Florida Statutes § 800.04(1) operative in 1989 provided in relevant part that: "Any person who shall: (1) Handle, fondle or make an assault upon any child under the age of 16 years in a lewd, lascivious or indecent manner . . . without committing the crime of sexual battery shall be guilty of a felony of the second degree . . ." Def. Mot. Ex. B, at 5-6.

Salazar contends the application of SORNA must be subject to the "categorical approach," where the offense of conviction is compared to a generic federal offense. Salazar argues that, under the categorical approach, Florida Statutes § 800.04(1) is overbroad and so does not qualify as an offense requiring registration under SORNA.

The determination of whether someone is a "sex offender" who is required to register under SORNA is controlled by a series of statutory definitions in 34 U.S.C. § 20911. As previously noted, a "sex offender" is "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). In relevant part, a "sex offense" is "(i) a criminal offense that has an element involving a sexual act or sexual contact with another," or "(ii) a criminal offense that is a specified offense against a minor." 34 U.S.C. §§ 20911(5)(a)(i), (ii). A "specified offense against a minor" is any one of a series of listed offenses, including "Any conduct that by its nature is a sex offense against a minor." 34 U.S.C. § 20911(7)(I). This catchall provision is known as SORNA's "residual clause." *United States v. Dailey*, 941 F.3d 1183, 1189-90 (9th Cir. 2019).

Page 7 – OPINION AND ORDER

Although Salazar urges the Court to apply a categorical approach analysis, the Ninth Circuit has held that a non-categorical approach applies to determine whether registration is required under the SORNA residual clause. *Dailey*, 941 F.3d at 1192-93. This Court reached a similar conclusion in *United States v. Smith*, Case No. 6:15-cr-00301-AA, 2016 WL 1466900 (D. Or. April 13, 2016), when it found that in enacting the SORNA residual clause, "Congress clearly intended to encompass a broad category of criminal conduct, i.e., 'any conduct' that is sexual in nature and committed against a child." *Id.* at *2. Accordingly, the Court applies a non-categorical approach to determine if Salazar's conviction requires registration under SORNA without the necessity of comparing Florida Statutes § 800.04(1) against a generic federal offense.

Applying the non-categorical approach, it is clear Salazar's conviction qualifies under the SORNA residual clause. The relevant version of Florida Statutes § 800.04(1) prohibited "[h]andl[ing], fondl[ing] or mak[ing] an assault upon any child under the age of 16 years in a lewd, lascivious or indecent manner . . ." On its face, this is "conduct that by its nature is a sex offense against a minor," under 34 U.S.C. § 20911(7)(I) and therefore qualifies as "a criminal offense that is a specified offense against a minor," under § 20911(5)(A)(ii). Accordingly, the Court concludes that Salazar was obliged to register as a sex offender under SORNA.

### B. Length of Registration Requirement

Having determined that Salazar was required to register under SORNA, the Court must examine how long the requirement persisted. This determination depends on whether Salazar was a Tier I, II, or III sex offender.

In relevant part, a Tier III offender is "a sex offender whose offense if punishable by imprisonment for more than 1 year" and whose offense is "comparable to or more severe than . . . abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years." 34 U.S.C. § 20911(4)(A)(ii). A Tier III offender is required to maintain a current registration for his or her entire life. 34 U.S.C. § 20915(a)(3).

A Tier II offender is, in relevant part, "a sex offender other than a tier III sex offender whose offense is punishable by imprisonment for more than 1 year" and whose offense is "comparable to or more severe" than "abusive sexual contact (as described in section 2244 of Title 18)" when committed against a minor. 34 U.S.C. § 20911(3)(A)(iv). A Tier II offender is required to maintain a current registration for twenty-five years, excluding the time the offender is in custody or civilly committed. 34 U.S.C. § 20915(a)(2).

A Tier I offender is "a sex offender other than a tier II or tier III sex offender." 34 U.S.C. § 20911(2). Tier I offenders must maintain their registration for fifteen years, excluding the time the offender is in custody or civilly committed. 34 U.S.C. § 20915(a)(1).

In this case, Salazar was released from custody following his Florida conviction in 1990. Although Salazar admitted that he was a Tier III offender in his plea petition, he now contends that he was, at most, a Tier I sex offender and so his obligation to register expired in 2005, prior to the offense conduct underlying his

Page 9 – OPINION AND ORDER

conviction in the present case. The Government contends that Salazar is a Tier II or III offender and that he was and remains under an obligation to register.

In determining whether a defendant is a Tier I, II, or III sex offender, courts apply the categorical approach referenced in the previous section. *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1133 (9th Cir. 2014).[2] "Under that approach, a sentencing court must begin by comparing the statutory definition of the prior offense with the elements of the 'generic' federal offense specified as a sentencing predicate." *Id.* The prior conviction "may operate as a predicate if it is defined more narrowly than, or has the same elements as, the generic federal crime," but if the prior offense is broader than the generic federal crime, it cannot serve as a statutory predicate. *Id.* The key to the comparison is "elements, not facts." *Id.* (internal quotation marks and citation omitted). The elements of the crime "are all that is relevant" and the court "may not consult extra-statutory materials, even if the materials show that the defendant actually committed the predicate offense in its generic form." *Id.* (internal quotation marks and citation omitted, alterations normalized). To identify the elements of a state statute, courts must consider both the language of the statute itself, as well as judicial opinions interpreting it. *United States v. Dixon*, 805 F.3d 1193, 1195 (9th Cir. 2015) (citing *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir. 2013)).

---

[2] The application of the categorical approach in assessing the appropriate Tier is subject to an important exception: "The tier II sex offender provision also clearly permits a non-categorical approach in determining the age of the victim of the crime." *United States v. Mi Kyung Byun*, 539 F.3d 982, 992 (9th Cir. 2008).

In applying the categorical approach, courts must presume that a defendant's conviction rests on "the least of the acts criminalized," although that analysis is not "an invitation to apply 'legal imagination' to the state offense." *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (citations omitted). "[T]here must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* at 191 (internal quotation marks and citations omitted).

The Court must therefore assess whether Salazar's conviction for violation of Florida Statutes § 800.04(1) is a categorical match for abusive sexual contact against a minor.[3] For the federal offense, the term "sexual contact" is defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). Abusive sexual contact under 18 U.S.C. § 2244 includes sexual contact with another person who "has attained the age of 12 years but has not attained the age of 16 years" and "is at least four years younger than the person so engaging." 18 U.S.C. § 2244(a)(3) (referencing 18 U.S.C. § 2243(a)).

---

[3] In cases where the statute of conviction is "divisible," meaning that the statute "effectively creates several different crimes pertaining to the possible combination of alternative elements," courts are permitted to "consult certain extra-statutory materials to identify the defendant's actual crime of conviction and to compare the elements of that crime with the generic crime." *United States v. Cabrera-Guitierrez*, 756 F.3d 1125, 1134 (9th Cir. 2014) (internal quotation marks and citation omitted, alterations normalized). In this case, the parties agree that Salazar was convicted of violating the version of Florida Statutes § 800.04(1) operative in 1989 and neither party contends that § 800.04(1) is further divisible. Accordingly, the Court must compare the 1989 version of § 800.04(1) to the generic federal crime without additional inquiry into the specific facts giving rise to Salazar's conviction.

Page 11 – OPINION AND ORDER

As previously noted, the version of Florida Statutes § 800.04(1) operative in 1989 provided in relevant part that: "Any person who shall: (1) Handle, fondle or make an assault upon any child under the age of 16 years in a lewd, lascivious or indecent manner . . . without committing the crime of sexual battery shall be guilty of a felony of the second degree . . ." Def. Mot. Ex. B, at 5-6.

In *Altman v. State*, 852 So.2d 870 (Fl. App. 2003), the Florida Court of Appeal considered a conviction under § 800.04(1) for a defendant who had kissed and "insert[ed] his tongue into the mouth of the victim." *Id.* at 872.[4] The court found that "Section 800.04(1), under which appellant was convicted, prohibits a person from handling, fondling, or assaulting any child under sixteen in a lewd, lascivious, or indecent manner," and "[t]his subsection is couched in general language and does not restrict criminal activity to touching specific body parts of a child." *Id.* at 874. "Rather, the focus appears to be upon acts committed on a child that are sexually motivated." *Id.*

Although the generic offense of abusive sexual contact is likewise concerned with the sexual motivation of the offender, it is specific in terms of where the contact must occur, limiting it to the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks. 18 U.S.C. § 2246(3). More specifically, the Eighth Circuit has held that kissing falls outside of

---

[4] Although, as the Government points out, the *Altman* defendant engaged in further sexual conduct with the victim, including "positioning himself on the body of the victim and touching, rubbing, or moving his body and/or pelvic area against the victim's," this conduct was charged separately under Florida Statutes § 800.04(2). *Altman v. State*, 852 So.2d 870, 872 (Fl. App. 2003). The *Altman* defendant was convicted of violating § 800.04(1) for kissing the victim and inserting his tongue into her mouth. *Id.*

the federal statutory definition of "sexual contact." *United States v. Blue Bird*, 372 F.3d 989, 992-93 (8th Cir. 2004), *overruled on other grounds United States v. Pirani*, 406 F.3d 543, 555 (8th Cir. 2005). Florida Statutes § 800.04(1), as interpreted by the Florida appellate courts, is therefore broader than the generic offense and cannot serve as a predicate for purposes of establishing Salazar as a Tier II or Tier III offender. The fact that the *conduct* giving rise to Salazar's 1989 conviction would unquestionably qualify as abusive sexual contact against a victim under the age of 13 cannot alter this analysis because as the Ninth Circuit has held, the categorical analysis is driven by elements, rather than facts. *Cabrera-Gutierrez*, 756 F.3d at 1133. This is so, even if consideration of extra-statutory materials would "show that the defendant actually committed the predicate offense in its generic form." *Id.* (internal quotation marks and citation omitted, alterations normalized). The Court must therefore conclude that Salazar was a Tier I sex offender for purposes of SORNA.

As previously noted, a Tier I sex offender is required to keep their registration current for fifteen years, excluding any time the offender is in custody or civilly committed. 34 U.S.C. § 20915(a)(1). "The required registration period begins to run upon release from custody for a sex offender sentenced to incarceration for the registration offense, and begins to run at the time of sentencing for a sex offender who receives a nonincarcerative sentence for the offense." Office of the Attorney General; The National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38030-01, 38068 (July 2, 2008), *available at* 2008 WL 2594934.

Jurisdictions "are not required to 'toll' the running of the registration period during subsequent periods of confinement," and a jurisdiction may decide to toll "[b]ut that is a matter in the jurisdiction's discretion." *Id.*

Under Florida state law, sex offenders are generally required to submit to life-long registration, Florida Statutes § 943.0435(11), and the Government concedes that Florida has not had occasion to consider whether SORNA registration obligations are tolled by subsequent periods of confinement. Gov. Resp. 17 n.5. As of 2011, "Oregon ha[d] not yet implemented SORNA, let alone decided to toll the registration period for periods of confinement." *United States v. Moore*, 449 F. App'x 677, 680 (9th Cir. 2011) (Finding that, "because no tolling was in effect, the registration period for [the defendant's] 1994 conviction had run by the time of sentencing, and the district court therefore abused its discretion in requiring [the defendant] to register under SORNA as a special condition of supervised release."). Salazar's registration period therefore commenced upon his release from custody on the SORNA-qualifying offense in 1990 and the period of registration was not tolled by Salazar's subsequent periods of incarceration on other charges.

As a Tier I sex offender, Salazar was required to maintain his registration for fifteen years and, consistent with *Moore* and the Attorney General Guidelines quoted above, that period expired in 2005. Salazar was therefore not under an obligation to register as a sex offender under SORNA at the time of his plea and conviction in the present case.[5] The Court concludes that Salazar has made a showing of actual

---

[5] Salazar may still be required to register as a sex offender under various state sex offender registration laws. Of note, the Presentence Report in this case indicates that Salazar is the subject

innocence for the offense of failing to register as a sex offender under SORNA and 18 U.S.C. § 2250(a).

In addition to making a showing of actual innocence, a § 2241 petitioner must show that he has not had an unobstructed procedural shot at presenting his claim. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Judgment was entered in this case on September 23, 2011 and Salazar was sentenced to a term of twenty-four months. ECF No. 31. Salazar was released from prison and commenced his term of supervised release on June 21, 2012. ECF No. 34. In the years following Salazar's release from custody, the Supreme Court and the Ninth Circuit have offered substantial clarifying guidance concerning the application of the categorical analysis in *Descamps v. United States*, 570 U.S. 254 (2013), and, for SORNA cases, in *United States v. Cabrera-Gutierrez*, 756 F.3d 1125 (9th Cir. 2014). Although Salazar has repeatedly appeared before the Court for violation of his supervised release conditions, he could not challenge the validity of his underlying conviction in those proceedings. *United States v. Cate*, 971 F.3d 1054, 1058-59 (9th Cir. 2020). Nor is the validity of the underlying conviction a factor for consideration in a motion to terminate supervised release. *Id.* at 1058. Accordingly, the Court concludes that Salazar has not had an unobstructed procedural shot at presenting his claim prior to the filing of the instant motion.

As Salazar has shown both actual innocence, in that he was not required to register as a sex offender under SORNA at the time of his offense of conviction, and

---

of an outstanding warrant in the State of Florida related to his original crime of conviction, as well as outstanding warrants in the State of Alabama. PSR ¶¶ 27, 29.

has shown that he has not previously had an unobstructed procedural shot at challenging his conviction, the Court concludes that Salazar is entitled to relief under § 2241.

## CONCLUSION

Defendant's Motion, which the Court construes as one brought under the "escape hatch" provision of 28 U.S.C. § 2255(e) and 28 U.S.C. § 2241 is GRANTED and Defendant's judgment of conviction is VACATED.

It is so ORDERED and DATED this __9th__ day of June 2021.

                                           /s/Ann Aiken
                                           ANN AIKEN
                                           United States District Judge